# CANNON, *Appellant,*
## *v.*
# KNIGHT, *Respondent.*
## (No. 75-4986, SC 24681)

569 P2d 623

Roy Dwyer, Eugene, argued the cause and filed briefs for appellant.

Harold D. Gillis, Eugene, argued the cause for respondent. With him on the brief were Thomas J. Peterson, and Butler, Husk & Gleaves, Eugene.

Before Denecke, Chief Justice, and Howell and Linde, Justices, and Gillette, Justice pro tempore.

PER CURIAM.

## PER CURIAM.

Plaintiff filed this suit for rescission of a sale of 40 acres of rural land alleging the buyer used undue influence to persuade her to sell. The trial court dismissed the suit and plaintiff appeals. We affirm.

It is only necessary that we set forth a general statement of the facts surrounding the sale transaction.

Plaintiff was the owner of a 40-acre tract in the mountains about 35 miles west of Eugene. The tract is steep and isolated and is reached by a logging road that traverses over federal land and land owned by a paper company. The cabin was minimal, without electricity or inside plumbing, and the domestic water was secured from a nearby spring.

Plaintiff, approximately 63 years of age, lived alone in the cabin, cut her own wood, and was apparently a self-sufficient and independent person. Defendant was a mail carrier and knew plaintiff. They discussed a sale of plaintiff's property. Plaintiff suggested $8,000 as the purchase price and defendant suggested $10,000. The latter price was agreed upon and included some miscellaneous personal property. Plaintiff reserved the right to live on the premises as long as she desired. No down payment was required, and the purchase price was to be paid in installments of $75 per month at 6 per cent interest.

It is true that the defendant urged plaintiff to sell to him; however, the testimony of the plaintiff herself disproves her claim of undue influence. She admitted that she originally requested $8,000 as the purchase price, that her desire to remain on the premises was important, and that her only close relative was her brother whom she had not seen for 18 years and that he did not want the property. Plaintiff also testified that she became dissatisfied with defendant when he cut down some trees and held a picnic on the property at which substantial amounts of beer were consumed.

Considering all the evidence, it is abundantly clear that the plaintiff's sale to defendant was not the subject of undue influence.

Affirmed.