CANNON,
*Respondent - Cross-Appellant,*

*v.*

KNIGHT,
*Appellant - Cross-Respondent.*

(16-80-02133; CA A29589)

690 P2d 509

Harold D. Gillis, Eugene, argued the cause and filed the briefs for appellant - cross-respondent.

Clayton C. Patrick, Salem, argued the cause and filed the brief for respondent - cross-appellant.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals from a trial court decree of strict foreclosure of a real estate contract. He contends that the trial court erred in decreeing the foreclosure and in dismissing his counterclaim for termination of plaintiff's life estate. Plaintiff cross-appeals. She contends that the court erred in the form of its decree. We reverse and remand with instructions to dismiss plaintiff's complaint.

Plaintiff sold defendant 40 acres on a land sale contract. She retained a life estate in a cabin on the land and five surrounding acres. Under the terms of the contract, defendant agreed to maintain the structures and improvements on the land in good repair. The contract contained a standard "time essence" clause.

Plaintiff later regretted her decision to sell, and a series of lawsuits followed. She first contended that defendant had used undue influence to persuade her to sell. A trial court disagreed, and the Supreme Court affirmed. *See Cannon v. Knight,* 280 Or 79, 569 P2d 623 (1977). She next sought reformation of the contract. That resulted in a judgment denying reformation. She then wrote defendant a demand letter stating that, if certain repairs were not made within 20 days, she would file a foreclosure action. Thereafter she brought the present action in which she contends that defendant breached the contract by failing to maintain the structures and improvements on the land in good repair. Specifically, she alleged that he had failed to repair the access bridge, the barn and the cabin roof within 20 days of her demand. By affirmative defense, defendant alleged that plaintiff had waived the "time essence" clause of the contract.

■ A lengthy recitation of the facts is unnecessary. Suffice it to say that, with respect to defendant's duty to maintain the structures and improvements in good repair, we are satisfied on *de novo* review that plaintiff waived the time essence clause of the contract. We are also satistifed that, having waived that clause, and considering the extent of the necessary repairs, plaintiff's 20-day demand letter was not reasonable. *Compare Stinemeyer v. Wesco,* 260 Or 109, 487 P2d 65 (1971); *Iverson v. Kiger,* 48 Or App 873, 879, 617 P2d 1386 (1980). We conclude that plaintiff was not entitled to

strict foreclosure and that the trial court erred in entering its decree.

■  Defendant also contends that the trial court erred in dismissing his counterclaim for termination of plaintiff's right of occupancy. The counterclaim alleges:

"9.  The contract described in plaintiff's complaint states, with respect to plaintiff's right of possession of the property:

" '[Plaintiff's] reserved rights shall terminate on [plaintiff's] death or the date on which [plaintiff] ceases to continuously occupy the dwelling house as [her] principal residence, whichever occurs first. [Plaintiff's] absence from the dwelling for more than 45 days during any calendar year shall be conclusively deemed to be a cessation of continuous occupancy unless excused in writing by [defendant].'

"10.  [Plaintiff] has been absent from the dwelling on the property continuously for more than 45 days during a calendar year. Defendant has not excused plaintiff's cessation of continuous occupancy."

The trial court found that, until the filing of his answer, defendant had waived the "continuous occupancy" clause of the contract and that thereafter the house had become uninhabitable. Defendant responds that plaintiff prevented him from making repairs and, therefore, she has no basis to claim a waiver of the clause. We conclude that the record does not support defendant's assertion that plaintiff prevented him from making repairs. Therefore, his counterclaim was properly dismissed.

Plaintiff contends on cross-appeal that the trial court erred in requiring defendant to pay within 60 days in order to avoid strict foreclosure. She contends that the default that precipitated the foreclosure was defendant's failure to make repairs, not his failure to make payments. Therefore, she argues, foreclosure should have been contingent on his making repairs and not on his paying the balance due on the contract. The question is moot because of our disposition of defendant's appeal.

Reversed and remanded with instructions to dismiss plaintiff's complaint; affirmed on cross-appeal.